UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CRISTOPHER L. SMITH, <br><br> Plaintiff, <br><br> v. <br><br> BUCKMAN, et al., <br><br> Defendants. | CAUSE NO. 3:20-CV-367-RLM-MGG |

OPINION AND ORDER

Cristopher L. Smith, a prisoner without a lawyer, filed a complaint alleging that officers assaulted him and he was subjected to unconstitutional conditions of confinement while an inmate at the Indiana State Prison. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Smith alleges that Sargent Buckman and Officer Crocket sprayed him with OC spray while he was showering on January 4, 2020; then they took him to a staircase where they punched him and slammed him to the ground. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and

sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Giving Mr. Smith the inferences to which he is entitled at this stage of the litigation, the complaint states a plausible Eighth Amendment claim of excessive force against Sargent Buckman and Officer Crocket.

Mr. Smith was placed in a secured management cell after the attack. This cell didn't have running water. He couldn't have any hygiene items while in the secured management cell, including toilet paper. He was denied bedding, clothing, and shoes. He couldn't have a cup or utensils. All of his food was served cold. The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." Townsend v. Fuchs, 522 F.3d 765, 773 (7th Cir. 2008). Mr. Smith doesn't allege that Sargent Buckman, Officer Crocket, or Warden Neal were either aware of or personally involved in denying him access to adequate food, water, clothing, bedding, or hygiene items. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. Because Mr. Smith doesn't allege that any of the defendants that he has named in this suit were responsible for denying him the minimal civilized measure of life's necessities while he was housed in the secured management cell, he hasn't stated a claim on which relief can be granted.

Mr. Smith also alleges that Warden Ron Neal should be held liable for implementing polices that led to the violation of his rights and for failing to properly train his officers. Mr. Smith hasn't identified any policy that led to the alleged violations of his rights. And, in the context of the Eighth Amendment, a failure to train claim can only be maintained against a municipality. Sanville v. McCaughtry, 266 F.3d 724, 740 (7th Cir. 2001) *citing* Farmer v. Brennan, 511 U.S. 825, 841 (1994). Of course, Warden Neal isn't a municipality in either his individual or official capacity. To the extent Mr. Smith claims Warden Neal didn't properly supervise correctional officers, there is no general liability under 42 U.S.C. § 1983 for supervisors when those who report to them violate a person's constitutional rights. *See* Burks v. Raemisch, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). The claims against Warden Neal must also be dismissed.

For these reasons, the court:

(1) GRANTS Christopher L. Smith leave to proceed against Sargent Buckman and Officer Crocket in their individual capacities for compensatory, and punitive damages, for using excessive force against Mr. Smith on January 4, 2020, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Warden Ron Neal;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Sargent Buckman and

Officer Crocket at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant that does not waive service, if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Sargent Buckman and Officer Crocket respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 6, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT