UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER L. SMITH,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>BUCKMAN, et al.,<br><br>　　　　Defendants. | CAUSE NO. 3:20-CV-367-RLM-MGG |

OPINION AND ORDER

Christopher L. Smith, a prisoner without a lawyer, is proceeding in this case "against Sargent Buckman and Officer Crocket in their individual capacities for compensatory, and punitive damages, for using excessive force against Mr. Smith on January 4, 2020, in violation of the Eighth Amendment[.]" ECF 5 at 3. Last November 18, the defendants moved for summary judgment because Mr. Smith didn't exhaust his administrative remedies before filing suit. ECF 13. With the motion, the defendants provided Mr. Smith the notice required by N.D. Ind. L.R. 56-1(f). ECF 15. Copies of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1 were attached to the notice.

Under Local Rule 56-1(b)(1), "[a] party opposing [a summary judgment] motion must, within 28 days after the movant serves the motion, file and serve (A) a response brief; and (B) any materials that the party contends raise a genuine dispute." This deadline passed over five months ago, and Mr. Smith hasn't responded.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion can't rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." Trade Fin. Partners, LLC v. AAR Corp., 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . . ." Springer v. Durflinger, 518 F.3d 479, 484 (7th Cir. 2008).

"If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . . ." Fed. R. Civ. P. 56(e). Because Mr. Smith hasn't responded to the defendants' summary judgment motion, he hasn't properly addressed the defendants' assertions of fact and the court accepts these facts as undisputed:

    1. Plaintiff, Christopher L. Smith, IDOC number 999093, is incarcerated at Indiana State Prison. (Ex. A, ¶ 8.)

      2. Plaintiff brings an Eighth Amendment excessive force claim against Defendants for conduct which purportedly occurred on January 4, 2020. (ECF 5 at 1.)

      3. An offender grievance program is in place at Indiana State Prison. (Ex. A, ¶ 5.) The grievance program is intended to promote prompt and effective resolution of a broad range of issues or complaints offenders may have. (Ex. A, ¶ 6.)

      4. The grievance procedure which was in place on January 4, 2020 was the Offender Grievance Process, Policy and Administrative Procedure 00-02-301, effective October 1, 2017 ("Process"). (Ex. A, ¶¶ 9-10; Ex. B at 1.)

      5. The Process is made freely and openly available to Plaintiff at Indiana State Prison's law library, and information about the process is made known to all offenders. (Ex. A ¶¶ 20-22.)

      6. The grievance process begins with the informal resolution process. (Ex. A ¶¶ 11-14; Ex. B at 8-9.) The offender must attempt to resolve his complaint informally by contacting an appropriate staff member prior to submitting a
formal grievance. *Id.*

      7. Upon completing the informal stage, the offender is next required to progress through the formal levels. The formal grievance process consists of three steps, in the following order:

    a) A formal attempt to solve a problem or concern following unsuccessful attempts at informal resolution;

    b) A written appeal to the Warden/designee; and

    c) A written appeal to the Department Grievance Manager.

(Ex. A ¶¶ 12-18; Ex. B at 9-13.)

      8. The successful exhaustion of the grievance process requires an offender to timely complete each step or level of the Offender Grievance Process. (Ex. A, ¶ 13.) An offender must use the proper grievance form within the timeframe outlined in the Offender Grievance Process. *Id.*

      9. An attempt at informal resolution followed by the submission of a formal offender grievance, an appeal of that formal grievance to the Warden/designee, and a written appeal to the Department Grievance Manager are each necessary steps that must be completed before the grievance process is exhausted. (Ex. A, ¶ 14.)

      10. Grievable issues include, but are not limited to, staff treatment, actions of individual staff, and any other concerns relating to conditions of care or supervision. (Ex. A, ¶ 19.)

      11. IDOC's institutional records for Plaintiff show that he attempted to submit a formal grievance on January 27, 2020, in association with alleged conduct which purportedly occurred on January 4, 2020. (Ex. A, ¶ 27.)

      12. An offender wishing to submit a grievance on an issue that he or she has been unable to resolve informally must complete State Form 45471,

3

"Offender Grievance," no later than ten (10) business days from the date of the incident giving rise to the complaint. (Ex. A, ¶ 15.)

13. To be timely and proper, Plaintiff needed to submit his formal grievance attempt by January 17, 2020, ten (10) business days subsequent from the alleged date of incident, January 4, 2020. (Ex. A, ¶ 32.)

14. Plaintiff's formal grievance attempt was returned by Indiana State Prison's Grievance Specialist on January 30, 2020. (Ex. A, ¶¶ 28, 33.)

15. The stated reason for denial was: "You have submitted the form too late and have not shown any good reason for the delay. Grievance forms must be submitted within the time limits set out in Policy and Administrative Procedure 00-02-301." (Ex. A, ¶ 33.)

16. Plaintiff did not appeal the return of his formal grievance. (Ex. A, ¶ 26; Ex. C.)

17. Absent accepted formal grievances and associated appeals, there is no institutional record of compliance with IDOC's grievance policies by Plaintiff in relation to his excessive force claim. (Ex. A, ¶¶ 26, 35; Ex. C.)

ECF 14 at 2-5 (brackets in original).

Prisoners are prohibited from bringing an action in federal court "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015). The court of appeals has taken a "strict compliance approach to exhaustion." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002).

The undisputed facts show that the claims raised in this lawsuit were grievable and that Mr. Smith didn't file any timely formal grievances about the issues. As a result, Mr. Smith didn't exhaust the available administrative remedies before he filed this lawsuit. Summary judgment must be granted.

For these reasons, the court:

(1) GRANTS the summary judgment motion (ECF 13); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Mr. Smith.

SO ORDERED on June 14, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT